[No. 11610-3-II.   Division Two.   November 9, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY POWELL, *Appellant*.

*James C. Buckley,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* for respondent.

WORSWICK, J.—Anthony Powell appeals conviction for second degree assault (former RCW 9A.36.020) asserting error in the jury selection and three evidentiary errors. Credibility of the victim and Powell was the important issue at trial. She testified that he attacked her. He denied it and testified that, in fact, he had rescued her from the real attacker, who was not identified. We affirm.

Relying on *Batson v. Kentucky,* 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), Powell first contends that the trial court erred by permitting the State to excuse by peremptory challenge a prospective juror who was black (Powell is black). In *Batson,* the State had excluded all blacks (there were four) from the venire. The Court held that a minority defendant could show prima facie the State's systematic exclusion of minority veniremen based on the State's actions in that defendant's case alone, and *if such a prima facie showing was made,* the burden of disproving purposeful discrimination fell on the State. That burden could be met by the presentation of a sufficient, racially neutral, reason for the use of peremptory challenges to excuse the minority veniremen.

Although he does not specifically say so, Powell apparently is arguing that the use of this single peremptory challenge (there were three blacks in the venire) showed a systematic attempt by the State to exclude all blacks from the jury. Powell's contention is misplaced for two reasons.

First, the trial court did not err in concluding that the State had given a satisfactory neutral explanation for excusing the prospective juror. *See State v. Morales,* 53

Wn. App. 681, 769 P.2d 878, *review denied,* 112 Wn.2d 1028 (1989).[1] Second, if the trial court erred at all, it was in requiring the explanation, because Powell made no prima facie showing of purposeful discrimination. The State's exercise of a single peremptory challenge was not enough, and the record shows nothing more.

A majority having determined that only the foregoing portion of this opinion will be printed in the Washington

---

[1] The prosecutor's reasons were explained in the following colloquy:

"MS. VAN DOORNINCK: She discussed her jury experience on a prior DWI case and we talked extensively about that, and she felt frustrated she said because there was no evidence and when asked what that meant, she said that she knew alcohol could be tested for in the blood or in the breath and they had not been given that information, that that would've been factual information that would've been helpful and, as a result, they just talked and she repeated that several times, just talk, and I noted that Mr. Watson, who was Juror Number 1, had been on that same jury panel and we discussed his experience on that panel and he *decided that what they had to do is decide the credibility of the witnesses* and he felt comfortable. He didn't express any frustration about lack of evidence. That's a concern in this case. Although there is some physical evidence, there is an issue of credibility of the witnesses. So that's one reason.

"Later on, in the questioning she indicated, I believe, to Mr. Buckley she needed to be convinced beyond a shadow of a doubt, which is a misstatement of the law, but indicates her feelings of what the criminal justice system is, even though the Court had already explained the State's burden is beyond a reasonable doubt.

"THE COURT: Did she use the term 'shadow of a doubt?'

"MS. VAN DOORNINCK: She used the term that she needed to be convinced in her own mind beyond a shadow of a doubt.

"The other thing is yesterday at the end of business Mr. Buckley indicated in chambers that he was going to make a motion preempting the State from making a challenge against Mrs. Norman and it's obvious from his concern that he doesn't feel Mrs. Norman is a neutral juror, that he feels she was probably more defense oriented.

"MR. BUCKLEY: Your Honor, I'm going to object. I think that's improper argument and also is putting something in the record, something not felt by the defense. For the purpose of review, I believe I should put on the record that's not my position at all.

"THE COURT: I'll overrule the objection. This is just argument to the Court.

"MS. VAN DOORNINCK: It's just my position that Mr. Buckley expressed some concerns about that juror and the State's ability to preempt her, and I believe it's necessary that we have an impartial panel and it's the State's position she might be more swayed towards the defense and not be so neutral. And those are the articulable reasons that I can give."

Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and PETRICH, J., concur.

Review denied at 114 Wn.2d 1006 (1990).